SMITH, Presiding Justice,
for the Court:
In this case Fred D. Rufus was convicted of armed robbery and sentenced to twenty-five years imprisonment, of which five years were suspended. He appeals, and has assigned for reversal several alleged errors.
We have examined each of these matters assigned and find that they do not find *875 support in the record or otherwise are without merit.
Appellant elected not to testify, and the jury’s verdict finding him guilty is fully supported by evidence.
Only one assignment merits discussion. Prior to being brought to trial, appellant had entered a plea of guilty to the charge, and on his plea had been sentenced to serve twenty-five years imprisonment, with thirteen years suspended, a sentence less severe than that imposed following his trial and conviction. Rufus was allowed to withdraw his guilty plea and a trial ensued, resulting in his conviction and the imposition of the sentence from which the present appeal has been taken.
Rufus argues that his case falls within the proscription laid down by the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In North Carolina v. Pearce, Pearce had been tried, convicted and sentenced and had obtained a reversal and remand on appeal. On retrial and conviction, the sentence imposed was harsher than that he had been given following his first trial. Unlike the defendant in the North Carolina case, Rufus, having entered a plea of guilty and having been sentenced, was allowed to withdraw his plea and was then tried and convicted. In Pearce, the court stated that while there exists no absolute constitutional bar to the imposition of a more severe sentence upon reconviction, due process does require that “vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.”
When Rufus entered his plea of guilty the trial court imposed sentence without having heard the very considerable evidence later adduced against him at his trial which followed withdrawal of his guilty plea. The trial court commented:
I paid close attention to all the testimony during the trial and I would have to say that the impression I gained at the trial was a hundred and eighty degrees from the impression that the defendant had given me at the time the guilty plea was entered. In my opinion, this defendant was the instigator and moving force of the entire planned setup and carrying out of the armed robbery and, but for him, three individuals who had previously had no problem with the law are now convicted of armed robbery and have a heavy sentence hanging over their heads. I am convinced that the other two individuals just from their testimony clearly indicated and the guilty plea does reflect that a person has recognized his wrong and has turned himself around to a certain extent and has commenced his own rehabilitation. I won’t say that’s in every case but, in a case of first offenders, I think it deserves consideration.
The evidence at Rufus’ trial fully justified the judge’s conclusions and showed that Rufus had planned, instigated and been the ring leader in the crime. He had supplied the information (such as the fact that money was kept in the cooler rather than in the cash register) and had also advised as to the best time to commit the robbery, based upon knowledge gained by him when he had himself been an employee at Pasquale’s. His automobile was used in the robbery as well as a pistol belonging to his mother. After hearing all of this evidence concerning Rufus’ role in the robbery, the trial judge was, as he said, in a better position to determine an appropriate punishment than he had been when Rufus was sentenced on his plea of guilty.
To adopt the position of appellant would be no more nor less than to grant leave to an indicted defendant to play games with the court; he might plead guilty, be sentenced, then withdraw his plea and demand a trial, having thus made certain in advance that no matter how the trial might turn out or what aggravating circumstances might be developed by the evidence, no greater sentence could be imposed upon him in the event of conviction. We do not believe that *876 such a result is within the scope of the rule laid down in Pearce.
We have concluded that this case materially differs from Pearce in its controlling particulars and that what was done here did not violate the rule laid down in Pearce or deprive Rufus of due process of law.
There being no reversible error disclosed by the record, the conviction and sentence should be and are affirmed.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.